# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| KENITH L. LEWIS,<br><br>      Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, IOWA PRISON INDUSTRIES, ANAMOSA STATE PENITENTIARY, JOHN AULT, WILLIAM SOUPENE, AL REITER, GREG HART, LENNIE MILLER, UNKNOWN DEFENDANTS,<br><br>      Defendants. | No. C05-0134-LRR<br><br><br>ORDER |

      This matter is before the court on the plaintiff's application to proceed in forma pauperis (Docket No. 5), motion for enlargement of time to serve the defendants (Docket No. 6) and motion for appointment of counsel (Docket No. 7). The plaintiff filed those pleadings on December 21, 2005. On December 23, 2005 and January 25, 2006, the plaintiff supplemented his motion for appointment of counsel (Docket Nos. 8 & 10). Also before the court is the plaintiff's motion to amend his complaint (Docket No. 9). The plaintiff filed such motion on January 25, 2006.

      In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). Stated differently, a court may permit a person to proceed with litigation in forma pauperis, that is, "without prepayment of fees or security therefor," if the person submits an affidavit that shows the inability "to pay such fees or give security therefor." *Id*. In addition, a prisoner must

submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison. 28 U.S.C. § 1915(a)(2).

The plaintiff already paid the statutory filing fee. It appears that the plaintiff desires in forma pauperis status solely for the purpose of serving his complaint upon the defendants and for the purpose of appointing counsel. The plaintiff's application to proceed in forma pauperis, as filed, is insufficient because he did not submit a certificate of inmate account and assets form. *See* 28 U.S.C. § 1915(a)(2) (requiring certified copy of the trust fund account statement (or institutional equivalent)). Moreover, in his application to proceed in forma pauperis, the plaintiff indicates that he has $296.10 in his prison account and $1,511.05 in a checking or savings account. The assets the plaintiff possesses are more than sufficient to proceed with this action. Accordingly, the plaintiff's application to proceed in forma pauperis (Docket No. 5) is denied.

Concerning the plaintiff's motion for enlargement of time to serve the defendants, the court believes it is appropriate to extend the 120 day deadline. Dismissal is not appropriate given the reasons articulated by the plaintiff. Additionally, due to the significant delay in service (over six months) that has occurred, the court deems it appropriate to grant the plaintiff's request to have the Clerk's Office serve the complaint upon the defendants and to effectuate such service at his expense. Accordingly, the plaintiff's motion for enlargement of time to serve the defendants (Docket No. 6) is granted.

With respect to the plaintiff's motion to amend his complaint, the plaintiff attempts to clarify his complaint, particularly Part V. He believes the defendant's actions violated his equal protection and due process rights. The plaintiff's motion to amend his complaint (Docket No. 9) is granted.

On January 25, 2006, the court ordered the plaintiff to submit a more specific statement regarding the disciplinary reports that were written, the result of the disciplinary proceedings and the result of any appeals, if any, that he filed. The plaintiff attempted to comply with the court's order by filing a response on February 13, 2006. In such response, the plaintiff states that he lost two days earned time or good time credit and received 10 days cell rest but those sanctions were suspended for 60 days. The plaintiff also states that his classification was reduced from level—4 to level—5. Further, the plaintiff states that, on appeal, Defendant John Ault "modified and reduced [his] sanctions, reinstating him to level—5." Finally, the plaintiff appears to contend that Iowa Code Chapter 822 does not apply because the loss of his good time credit was suspended for 60 days.

It is not clear from the plaintiff's complaint or his additional statement whether he ultimately lost two days of good time credit. Although the court specifically asked the plaintiff to address the final disposition of the disciplinary proceedings, he failed to clearly express what Defendant John Ault decided or provide a copy of any document related to Defendant John Ault's disciplinary decision. The court asked the plaintiff to provide such information because an inmate is unable to seek damages under 42 U.S.C. § 1983 for prison discipline that resulted in a loss of good time credits until the inmate has successfully challenged such discipline through habeas or some other proceeding. *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (applying "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), to damages claim based on disciplinary decision that caused a loss of good time credits) (relying on *Edwards v. Balisok*, 520 U.S. 641, 643-44, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), for the proposition that *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), applies to 42 U.S.C. § 1983 damage action in which

3

the inmate did not seek restoration of good time credits to avoid being out of court under *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)); *see also Sheldon v. Hundley*, 83 F.3d 231, 234 (8th Cir. 1996) ("prisoners who challenge disciplinary rulings that do not lengthen their sentences are probably outside the habeas [corpus] statute and able to seek damages under [42 U.S.C. §] 1983."). Thus, if the plaintiff did lose two days good time credit after the 60 days passed, he failed to state a claim upon which relief can be granted.

The court is unable to determine as a matter of law whether the plaintiff's claims are frivolous within the meaning of 28 U.S.C. § 1915A. Consequently, the court is of the opinion that the matter is best addressed after receipt of an answer and/or any dispositive motion deemed appropriate. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989); *Money v. Moore*, 877 F.2d 9, 10 (8th Cir. 1989). The Clerk of Court is directed to serve the amended complaint on the defendants and mail a copy of the amended complaint to the Iowa Attorney General without the prepayment of fees and costs. The fees and costs associated with serving the amended complaint on the defendants is assessed against the plaintiff. Once the Clerk of Court determines the amount due, the plaintiff is directed to immediately submit to the court his payment. A copy of this order is to accompany the documents being served. The Iowa Attorney General is directed to notify the court immediately if he lacks the consent of the defendants to appear generally on their behalf and submit to the jurisdiction of the court. The defendants are directed to file an answer or other dispositive motion by no later than April 3, 2006.

Finally, with regard to the plaintiff's motion for appointment of counsel, the court declines to appoint counsel because indigent litigants enjoy neither a statutory nor a constitutional right to have counsel appointed in a civil case. *See Wiggins v. Sargent*, 753

4

F.2d 663, 668 (8th Cir. 1985). Further, the attorney's under contract with the Northern District of Iowa receive $1500.00 when representing indigent prisoners. The plaintiff has $1500.00. Moreover, the court does not believe the appointment of counsel is warranted at this stage, especially considering the assertions, or lack thereof, that the plaintiff made in his additional statement.[1]

**IT IS SO ORDERED**.

**DATED** this 6th day of March, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes the loss of a prison job or compensation that is derived from such job typically does not violate any constitutional right. *See Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983) (absent substantive limitation on employer's discretion, no protectible liberty interest in continued employment); *McCaslin v. Cornhusker State Indus.*, 51 F.3d 277 (Table), 1995 U.S. App. LEXIS 7485, *1-4, 1995 WL 141732, *1-2 (8th Cir. 1995) (affirming the district court's dismissal of the due process claim under 42 U.S.C. § 1983 because there is no constitutionally protected interest in continued prison employment); *Gassler v. Rayl*, 862 F.2d 706, 707-08 (8th Cir. 1988) (concluding no constitutional violation because inmate has no right to prison job). *Flittie v. Solem*, 827 F.2d 276, 278 (8th Cir. 1987) ("[I]nmates have no constitutional right to be assigned a particular job."); *Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir. 1984) (concluding an inmate has no constitutional right to a prison job nor to retain a particular job); *Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir. 1981) (determining inmate had no legal entitlement or right to particular job assignment).

NOTICE OF LAWSUIT
and REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| KENITH L. LEWIS,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, IOWA PRISON INDUSTRIES, ANAMOSA STATE PENITENTIARY, JOHN AULT, WILLIAM SOUPENE, AL REITER, GREG HART, LENNIE MILLER, UNKNOWN DEFENDANTS,<br><br>    Defendants. | No. C05-0134-LRR<br><br>ORDER |

  A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

  Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: March 6, 2006.

  I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this March 6, 2006, 2006.

                      /s/ Dianne Eveland
                     Signature (Clerk's Office Official)
                       Northern District of Iowa

## ACKNOWLEDGMENT OF RECEIPT OF
## NOTICE OF LAWSUIT,
## and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after __March 6, 2006__, to the United States Clerk's Office in the envelope provided.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| KENITH L. LEWIS,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, IOWA PRISON INDUSTRIES, ANAMOSA STATE PENITENTIARY, JOHN AULT, WILLIAM SOUPENE, AL REITER, GREG HART, LENNIE MILLER, UNKNOWN DEFENDANTS,<br><br>  Defendants. | No. C05-0134-LRR<br><br>ORDER |

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 45 days after __March 6, 2006__, (the date Notice, Waiver and corresponding documents were sent).

Date __March 6, 2006__   Signature __/s/ Dianne Eveland__
                         Printed name __Dianne Eveland__
                         As __Depuy Clerk__ of __US District Court__
                              (Title)                (Entity)

Date _____        Signature _____
                           Printed name _____
                           As _____ of _____
                               (Title)              (Entity)

Date _____        Signature _____
                           Printed name _____
                           As _____ of _____
                               (Title)              (Entity)

Date _____        Signature _____
                           Printed name _____
                           As _____ of _____
                               (Title)              (Entity)

Date _____        Signature _____
                           Printed name _____
                           As _____ of _____
                               (Title)              (Entity)

Date _____        Signature _____
                           Printed name _____
                           As _____ of _____
                               (Title)              (Entity)

Date _____        Signature _____
                           Printed name _____
                           As _____ of _____
                               (Title)              (Entity)

Date _____        Signature _____
                           Printed name _____
                           As _____ of _____
                               (Title)              (Entity)

Date _____        Signature _____
                           Printed name _____
                           As _____ of _____
                               (Title)              (Entity)

Date _____        Signature _____
                           Printed name _____
                           As _____ of _____
                               (Title)              (Entity)

# Address Form
[To Be Completed by Deputy Clerk!]

Case Number: C05-0134-LRR                     Date: March 1, 2006
To:     Clerk of Court
RE:     Service on Named Defendants

    Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:     **STATE OF IOWA**
    State of Iowa Attorney General
    2nd Floor, Hoover State Office Building
    1305 E. Walnut Street
    Des Moines, IA  5031

Defendant:     **ALL OTHER NAMED DEFENDANTS**
    Anamosa State Penitentiary
    406 North High Street
    P.O. Box 10
    Anamosa, IA  52205-0010



UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF IOWA
OFFICE OF THE CLERK
101 First Street S.E., Suite 313
Cedar Rapids, Iowa 52401

March 1, 2006

Interim Warden Fayram
Anamosa State Penitentiary
406 N. High Street
P.O. Box 10
Anamosa, Iowa 52205-0010

Interim Warden Fayram:

Enclosed, please find a Notice of Lawsuit and Request for Waiver of Service of Summons in the referenced action, as well as one copy of the complaint and corresponding order from this court.

Pursuant to our continuing arrangement, please see that the named defendants who are employees or officials of the Anamosa State Penitentiary sign and return the Acknowledgment of Receipt of Notice of Lawsuit and Waiver of Service of Summons within the required time and that each named defendant reads and/or receives a copy of the complaint and accompanying documents. A copy of these materials is being provided to the Iowa Attorney General and he has been ordered to notify the court if he lacks the consent of the defendants to appear generally on their behalf and submit to the jurisdiction of the court.

Thank you for your cooperation in conserving the resources of the court.

Sincerely,

Paul P. De Young, Pro Se Law Clerk/Staff Attorney
United States District Court for the
Northern District of Iowa

encl.